UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALOD DAVOODI,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No. 1:26-cv-00033-DC-DMC (HC)<br><br><u>ORDER DENYING WITHOUT PREJUDICE</u><br>PETITIONER'S MOTION FOR A<br>TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 14) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 14), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) For the reasons explained below, the court will deny without prejudice Petitioner's motion for a temporary restraining order.

**BACKGROUND**

Petitioner Valod Davoodi is a native and citizen of Iran. (Doc. Nos. 1 at 2; 12 at 2.) According to Respondents, Petitioner entered the United States legally in 1993 and was ordered removed by U.S. immigration authorities on April 4, 2012 following several convictions for drug offenses. (Doc. No. 12 at 1.) Petitioner does not mention his past criminal history in his petition, but he notes that he was detained from April 4, 2012 until July 2012, when he was released by U.S. Immigration and Customs Enforcement ("ICE") on an order of supervision. (Doc. No. 1 at

1

3.) Petitioner was again detained by ICE in 2015 and was released after a few months. (*Id.*) According to Respondents, on August 10, 2025, Petitioner was "arrested by local law enforcement for carrying a concealed dirk or dagger," and "[u]pon arrest, immigration authorities served Petitioner with a warrant and informed him that he was being taken into immigration custody to execute his final order of removal." (Doc. No. 12 at 1–2.) Respondents therefore contend that "Petitioner is detained under the mandatory provisions of 8 U.S.C. § 1231." (*Id.* at 2.) Petitioner alleges he has been in ICE custody continuously since August 10, 2025, and he is currently detained at California City Immigration Processing Center. (Doc. No. 1 at 2, 3.) Petitioner does not contest that he is subject to a final removal order to Iran. (*Id.* at 7.) Petitioner also does not contest that he is detained under 8 U.S.C. § 1231(a)(6). (*See* Doc. No. 14 at 4.)

On January 5, 2026, Petitioner filed a *pro se* petition for writ of habeas corpus asserting the following four claims against Respondents Christopher Chestnut, Pamela Bondi, Kristi Noem, and Todd M. Lyons: (1) violation of due process in relation to Petitioner's detention; (2) violation of the Immigration and Nationality Act in relation to Petitioner's detention; (3) violation of the Eighth Amendment protection against cruel and unusual punishment in relation to Respondents' third-country removal program; and (4) violation of federal regulations, 8 C.F.R. § 241.13, in relation to Respondents' revocation of Petitioner's release. (Doc. No. 1.) In his petition, Petitioner seeks an order requiring that Respondents release Petitioner and prohibiting Respondents from removing him to a third country without notice and an opportunity to respond. (*Id.* at 19.)

On January 9, 2026, the court granted Petitioner's motion for the appointment of counsel to represent him in this action, and on January 15, 2026, counsel was appointed. (Doc. Nos. 5, 6.) The parties thereafter agreed to a briefing schedule on the petition; Respondents filed their answer on February 12, 2026, and Petitioner, through counsel, filed a reply on February 26, 2026. (Doc. Nos. 12, 13.) In their answer to the petition, Respondents state that on January 8, 2026, ICE applied for Petitioner's travel document with the Consul General of Iran, and immigration authorities have scheduled chartered flights to Iran every two months for the past six months. (Doc. No. 12 at 2.) Respondents note that "the most recent charter flight was last month for similarly situated Iranian detained nationals." (*Id.*) Consequently, Respondents state that they "are

2

confident that they will receive a travel document for Petitioner within the next three (3) months." (*Id.*)

Notwithstanding that the petition was already fully briefed, on March 20, 2026, Petitioner filed the pending motion for a temporary restraining order. (Doc. No. 14.) The court issued a briefing schedule on that motion and directed the parties to address "whether there are any factual or legal issues in this case that materially distinguish it from the court's prior order" in *Lara v. Noem*, No. 1:26-cv-01028-DC-DMC (HC), 2026 WL 392121 (E.D. Cal. Feb. 12, 2026), in which the court denied petitioner's motion for a preliminary injunction because the petitioner had not shown that there was no likelihood of removal in the foreseeable future and thus petitioner had not demonstrated a likelihood of success on the merits of his due process claim. (Doc. No. 15.)

In the pending motion, Petitioner argues that he is likely to succeed on his due process claim, and he "seeks immediate release because (1) his prolonged, aggregate post-order detention exceeds the presumptively reasonable six-month period without a significant likelihood of removal to Iran in the reasonably foreseeable future, in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001); and (2) his re-incarceration on August 10, 2025, was imposed absent a pre-deprivation due process hearing before a neutral adjudicator, in violation of the Fifth Amendment. (Doc. No. 14 at 2.)

In their response to the pending motion, Respondents "recognize that the socio-political climate has changed with respect to the country of Iran since the habeas Petition was fully briefed on February 26, 2026," but they emphasize that "Petitioner completed a consular interview with Iran on or about March 12, 2026 despite the current hostilities between the United States and Iran." (Doc. No. 16 at 1.) Further, Respondents state that "if the government determines that Iran will not accept Petitioner due to the current hostilities, he will be released." (*Id.*) Respondents assert that this case is like *Lara*, in the sense that Petitioner here has likewise not shown a likelihood of success on the merits of his due process claim. (*Id.*)

In his reply, Petitioner distinguishes *Lara* on the ground that his "detention has already crossed the six-month threshold recognized in *Zadvydas*" compared with the petitioner's two-month detention in *Lara*. (Doc. No. 17 at 1–2.) Petitioner also asserts that the petitioner's removal

3

to Honduras in *Lara* did not present comparable barriers to his removal to Iran, which "is materially more complex and fraught with risk, further diminishing the likelihood of foreseeable removal." (*Id.* at 2.)

**LEGAL STANDARD**

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citation omitted). To obtain injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. 7, 20 (2008). The likelihood of success on the merits is the most important *Winter* factor. *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017).

A party seeking injunctive relief must make a showing on all four prongs of the *Winter* factors to obtain injunctive relief. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *see Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'") (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). A district court may consider "the parties' pleadings, declarations, affidavits, and exhibits submitted in support of and in opposition to the [motion for injunctive relief]." *Cal. Rifle & Pistol Ass'n, Inc. v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1048 (C.D. Cal. 2024); *see also Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009). Any evidentiary issues "properly go to weight rather than admissibility." *Am. Hotel & Lodging Ass'n v. City of Los Angeles*, 119 F. Supp. 3d 1177, 1185 (C.D. Cal. 2015).

**DISCUSSION**

Petitioner argues that he was unlawfully re-detained without first receiving a due process hearing before a neutral adjudicator. (Doc. No. 14 at 3.)

"Section 1231(a) provides for mandatory detention during a ninety-day 'removal period,' [8 U.S.C.] § 1231(a)(2), and discretionary detention 'beyond the removal period' in certain

4

circumstances, *id.* § 1231(a)(6)." *Padilla-Ramirez v. Bible*, 882 F.3d 826, 829–30 (9th Cir. 2017).

As noted above, Petitioner does not contest that he is being detained pursuant to 8 U.S.C. § 1231(a)(6). (Doc. No. 14 at 4.) That section provides:

> [a]n alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6). Although Petitioner asserts that he did not receive a pre-deprivation bond hearing before a neutral adjudicator (Doc. No. 14 at 2), "[t]he bond hearing authorized under 8 C.F.R. § 236.1(d)(1) [8 U.S.C. § 1226] does not apply to detentions authorized under section 1231(a)." *Padilla-Ramirez*, 882 F.3d at 829–830. Accordingly, like the petitioner in *Lara*, because Petitioner has a final removal order and is being detained under § 1231(a), he is not entitled to a pre-deprivation bond hearing.

Petitioner also argues that although his detention may be statutorily authorized under § 1231(a), his continuous, prolonged detention "violates the constitutional limits established in *Zadvydas v. Davis*, 533 U.S. 678 (2001)," and "[t]he government cannot effectuate his removal because the United States lacks diplomatic relations and a standing repatriation agreement with Iran." (Doc. No. 14 at 3.)

In *Zadvydas,* the Supreme Court placed limitations on the government's ability to indefinitely detain noncitizens under § 1231(a) to avoid constitutional concerns. *Zadvydas*, 533 U.S. at 683. Once a noncitizen's final order of removal becomes administratively final, the noncitizen is subject to a 90-day period of mandatory detention referred to as the "removal period" during which the government is directed to effectuate the noncitizen's removal. *Id.* (citing 8 U.S.C. § 1231(a)(2)). If the noncitizen is not removed during the removal period, § 1231(a)(6) provides that the government "may" continue to detain certain categories of noncitizens or release them under supervision. *Id.* (citing 8 U.S.C. § 1231(a)(6)). This statutory framework, read literally, "sets no limit on the length of time beyond the removal period that an alien who falls within one of the Section 1231(a)(6) categories may be detained." *Id.* at 689. However, the

5

Supreme Court in *Zadvydas* found that such indefinite detention is constitutionally impermissible and "read an implicit limitation into the statute" such that a noncitizen can only remain in detention for "a period reasonably necessary to bring about the alien's removal from the United States." *Id.* Specifically, the Supreme Court held that following the removal period, there is a six-month period in which the government's continued detention of a noncitizen is presumptively reasonable to effectuate their removal. *Id.* at 701. Following this presumptively reasonable period, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the government cannot present such evidence, the noncitizen should be released. *Id.*

Here, Petitioner has been detained since August 10, 2025—approximately five months before he filed his habeas petition and seven months before he filed the pending motion. The initial 90-day removal period expired on November 8, 2025. The presumptively reasonable six-month period under *Zadvydas* begins once the initial removal period expired, meaning that contrary to Petitioner's assertion that his "detention has already crossed the six-month threshold recognized in *Zadvydas*," (Doc. No. 17 at 2), the *Zadvydas* period for Petitioner does not expire until May 2026. Moreover, as reflected in the answer to the petition that Respondents filed on February 12, 2026, Respondents "are confident that they will receive a travel document for Petitioner within the next three (3) months"—i.e., in May 2026. (Doc. No. 12 at 2.) In addition, Petitioner does not dispute in his reply brief that he completed a consular interview with Iran around March 12, 2026, suggesting that Petitioner's removal is reasonably foreseeable despite the current hostilities between the United States and Iran.

Because Petitioner has not shown that there is no likelihood of removal in the foreseeable future, Petitioner has not demonstrated a likelihood of success on the merits of his claim that his continued detention violates his Fifth Amendment right to due process. Accordingly, the court will deny Petitioner's motion for a temporary restraining order, without prejudice.

/////

/////

6

**CONCLUSION**

For the reasons explained above,

1.      Petitioner Valod Davoodi's motion for a temporary restraining order (Doc. No. 14) is DENIED without prejudice to Petitioner bringing a renewed motion if his detention continues and becomes unreasonable in length, and there is no likelihood of his removal in the reasonably foreseeable future; and

2.      This matter is referred to the assigned magistrate judge for further proceedings.


IT IS SO ORDERED.

Dated:   __**April 1, 2026**__                          _____
                                                                                Dena Coggins
                                                                                United States District Judge