UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALOD DAVOODI,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et. al.,<br>Respondents. | No. 1:26-cv-00033-DC-DMC-HC<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See ECF No. 1.

Petitioner is a native of Iran who was detained and ordered removed on April 4, 2012, due to convictions for drug offenses. See ECF No. 18, pg. 1. Petitioner was released on July 20, 2012, and was re-detained for three months in 2015. See ECF No. 14, pg. 3. Petitioner asserts that his continued detention violates due process clause pursuant to Zadvydas because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future. See ECF No. 1, pg. 13. Respondents filed a response to the petition. See ECF No. 12. Petitioner filed their reply, ECF No. 13, and Petitioner filed a motion for temporary restraining order. See ECF No. 14.

/ / /

/ / /

The District Judge ordered Respondents to file an opposition or non-opposition to injunctive relief and specifically directed Respondents to address whether there were any factual or legal issues in this case that rendered it distinguishable from the Court's prior orders in Lara v. Noem, No. 1:26-cv-01028-DC-DMC (HC), 2026 WL 392121 (E.D. Cal. Feb. 12, 2026).

Respondents filed an opposition to injunctive relief. See ECF No. 16. On April 2, 2026, the District Judge denied Petitioner's motion for temporary restraining order, finding that Petitioner was unable to show no likelihood of removal in the reasonably foreseeable future, and thus had not demonstrated a likelihood of success on the merits. See ECF No. 18, pg. 6. The matter was referred to the undersigned for further proceedings. The Court directed the parties to file supplemental briefing, if any. See ECF No. 19.

On May 4, 2026, Petitioner filed a renewed motion for temporary restraining order. See ECF No. 20. The District Judge directed Respondents to file an opposition or statement of non-opposition. See ECF No. 21. On May 7, 2026, Respondents filed an opposition to the renewed motion for temporary restraining order, arguing that Petitioner is not entitled to release due to his criminal history. See ECF No. 22, pg. 2. On May 13, 2026, the Court granted Petitioner's motion for temporary restraining order, relying on Tuan Thai v. Ashcroft, 366 F.3d 790, 797 (9th Cir. 2004), which states "a noncitizen's criminal history is irrelevant to the *Zadvydas* reasonable foreseeability analysis." See ECF No. 24. The Court ordered:

> (1) Respondents are ORDERED to IMMEDIATELY RELEASE Petitioner Valod Davoodi (A-071-762-387) as permitted under 8 C.F.R. § 241.5(a); and
>
> (2) Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. §§ 241.13(i) and 241.4(l). The Clerk of the Court is DIRECTED to serve this Order on the California City Detention Facility.
>
> Id.

The matter was referred to the undersigned for further proceedings. The Court directed Respondents to inform the Court whether they sought additional briefing. See ECF No. 25. Petitioner and Respondents both asserted they did not seek additional briefing. See ECF No. 27 and 28.

The undersigned has evaluated the petition, the parties' arguments, and the record in this case. On May 13, 2026, the District Judge found that "Respondents do not dispute that Petitioner's period of presumptively reasonable post-removal order detention established in Zadvydas v. Davis, 533 U.S. 678 (2001) has expired, and do not proffer any evidence showing that Petitioner's removal to his native Iran is reasonably foreseeable." ECF No. 24. Given Respondents provided no additional briefing or arguments as to the foreseeability of Petitioner's removal, the Court finds that Respondents fail to rebut Petitioner's showing that there is no significant likelihood of removal in the reasonably foreseeable future. Thus, in accordance with Zadvydas v. Davis, 533 U.S. 678, 690 (2001), Petitioner's prolonged detention violated the Due Process Clause of the Fifth Amendment. Therefore, the undersigned will recommend the petition be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned RECOMMENDS that:

1. It is RECOMMENDED that the petition for writ of habeas corpus, ECF No. 1, be GRANTED;

2. It is RECOMMENDED that Respondents be enjoined and restrained from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, strict compliance with the requirements of 8 C.F.R. §§ 241.13(i) and 241.4(l).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 5 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE